UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 19-CR-240** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **CHRISTOPHER M. HARDIN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Before the Court is Defendant Christopher M. Hardin's Amended Emergency Motion for Immediate Release or Home Confinement, Doc #: 22. For the following reasons, Hardin's Motion, **Doc #: 12**, is **DENIED**.

## Background

Hardin is an inmate at Federal Correctional Institute Elkton ("FCI Elkton") who suffers from childhood asthma, Raynaud's Syndrome, and Sphincter of Oddi Dysfunction. Doc #: 22 at 11-12. He is serving a 31-month sentence for committing mail fraud in violation of 18 U.S.C. § 1341. Doc #: 12.

Hardin initially requested immediate release or home confinement on April 4, 2020. Doc #: 19. The Court denied Hardin's requests. Doc #: 21 at 1-2. Regarding the request for immediate release, the Court found that Hardin must satisfy 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement before filing his motion. Doc #: 21 at 1-2. Regarding the request for home

confinement, the Court found that the Director of the Bureau of Prisons ("BOP") has sole discretion to grant such relief. 18 U.S.C. § 3624(c)(2). Doc #: 21 at 2.

Hardin again requests immediate release or home confinement. Doc #: 22 at 12. The Government filed a response on May 8, 2020. Doc #: 23. Hardin filed a reply on May 13, 2020. Doc #: 24.

## Discussion

As an initial matter, this Court already decided that it lacks authority to grant home confinement under § 3624(c)(2). Doc #: 21 at 2. Nothing in Hardin's present motion changes this decision. Thus, the Court will only address Hardin's request for immediate release under § 3582(c)(1)(A). Before addressing the substance of Hardin's request, the Court must determine whether Hardin has now satisfied § 3582(c)(1)(A)'s exhaustion requirement.

### A. Exhaustion Requirement

Hardin asserts that he exhausted administrative remedies. Doc #: 22 at 12. In support, he provides an unsigned letter appearing to be a denial to his request for sentence modification. Doc #: 22-1. The Government concedes that Hardin exhausted his administrative remedies. Doc #: 23 at 1.

The Court is not so confident. A defendant satisfies the exhaustion requirement upon the occurrence of the earlier of two events: (1) the defendant fully exhausting administrative rights to appeal the BOP's refusal to bring a motion on his or her behalf or (2) the lapse of 30 days after the Warden received the defendant's request for the BOP to bring a motion on his or her behalf. 18 U.S.C. § 3582(c)(2)(A).

Regarding the first event, the process of administrative exhaustion depends on whether the Warden feels the request should be approved or denied. When the Warden feels a request

should be approved, the request is transferred to the Office of General Counsel. 28 C.F.R. § 571.62(a)(1). If the Office of General Counsel agrees that the request should be approved, the request is transferred to the Director of the BOP. 28 C.F.R. § 571.62(a)(2). The Director of the BOP then makes the final decision. 28 C.F.R. § 571.62(a)(3). During this process, if either the Office of General Counsel or the Director of the BOP denies the request, the denial constitutes a final administrative decision. 28 C.F.R. § 571.63(b)-(d).

Alternatively, when a Warden denies a request, the defendant must appeal the denial through the Administrative Remedy Procedure. 28 C.F.R. § 571.63(a). The Administrative Remedy Procedure requires that the defendant appeal the Warden's denial to the Regional Director, then appeal the Regional Director's denial to the Office of General Counsel. 28 C.F.R. § 542.15.

Regarding the second event, a defendant can bring a motion for sentence modification upon the lapse of 30 days from the date the warden received a request for the BOP to bring such a motion on the defendant's behalf. 18 U.S.C. § 3582(c)(1)(A). The application of this 30-day lapse provision has garnered disagreement among district courts. Many courts find, without analysis, that the 30-day lapse provision applies only if the warden does not respond to the request. *See, e.g. United States v. Smith*, Case No. 4:15-cr-19, 2020 U.S. Dist. LEXIS 75337, at *3-4 (N.D. Ohio April 29, 2020).

This Court disagrees. The language of § 3582(c)(1)(A) does not specify that the 30-day lapse provision applies only if the Warden fails to respond. And interpreting the provision in such a way is illogical. The 30-day lapse provision ensures that requests for sentence modifications are timely addressed by the Court. If a Warden's response renders the 30-day lapse provision inoperative, a Warden's timely denial could cause a defendant to wait months before

filing his or her motion.[1] This delay is the very thing the 30-day lapse provision is seemingly meant to avoid. Thus, the Court finds that it can consider a defendant's motion after the lapse of 30 days from the warden's receipt of a defendant's request.

Here, Hardin's denial letter does not appear to be from the Office of General Counsel or the Director of the BOP, i.e., it does not demonstrate Hardin fully exhausted all administrative rights to appeal. Nor does Hardin claim that 30 days have lapsed from the date the Warden of FCI Elkton received his request. Thus, this Court is not confident that Hardin satisfied § 3582(c)(2)(A)'s exhaustion requirement.

**B. Substance**

Even were the Court to assume that Hardin did satisfy § 3582(c)(1)(A)'s exhaustion requirement, he is not entitled to immediate release. Hardin is 38 years old. When the defendant is younger than 70 years old,[2] a court may modify a sentence only if, after considering the factors in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction . . ." and that "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement adds that "the defendant [must not be] a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g) . . . ." United States Sentencing Commission, Guidelines Manual, § 1B1.13(2) (Nov. 2018).

---

[1] The Administrative Remedy Procedure gives the Regional Director 30 days to respond and gives the Office of General Counsel 40 days to respond. 28 C.F.R. § 542.18. If these time periods are insufficient to make a decision, the Regional Director can have an additional 30 days to respond and the Office of General Counsel can have an additional 20 days to respond. *Id.*

[2] A Defendant 70 years of age or order does not need to show a extraordinary and compelling reasons for a sentence reduction if he or she "has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g) . . . ." 18 U.S.C. § 3582(c)(1)(A)(ii).

In other words, a court must find three things before granting a sentence modification: (1) that extraordinary and compelling reasons warrant a sentence modification; (2) that the defendant is not a danger to the safety of any other person or the community; and (3) that the reduction is appropriate considering the § 3553(a) factors.

### 1. Extraordinary and Compelling Reasons

Commentary to the applicable policy statement dictates that extraordinary and compelling reasons exist under four circumstances. USSG § 1B1.13 comment. (n.1). The first circumstance, labeled "Medical Condition of the Defendant," occurs when the defendant suffers from a terminal illness or suffers from a condition or impairment that substantially diminishes his or her ability to provide self-care within the correctional facility environment and the defendant is not expected to recover. USSG § 1B1.13 comment. (n.1(A)). The second circumstance requires, among other things, that the defendant be at least 65 years old. USSG § 1B1.13 comment. (n.1(B)). The third circumstance occurs when the defendant is the only available caregiver, through death or incapacitation of the prior caregiver, to his or her minor child or children. USSG § 1B1.13 comment. (n.1(C)). The last circumstance, labeled "Other Reasons," occurs when: "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." USSG § 1B1.13 comment. (n.1(D)).

This Court finds that it can determine "Other Reasons" without the direction of the Director of the BOP. The above definition of extraordinary and compelling reasons was created at a time when only the Director of the BOP could file motions to modify sentence. It made sense during this time to permit the Director of the BOP, who was filing the motion, to direct the Court's attention to other reasons that might warrant a sentence modification. But

§ 3582(c)(1)(A) was amended in 2018 by the First Step Act. *See* P.L. 115-391, 132 Stat. 5194, at § 603 (Dec. 21, 2018). Now, defendants who have satisfied the exhaustion requirement may also file motions to modify sentence. 18 U.S.C. § 3582(c)(1)(A). It is nonsensical to permit only the Director of the BOP to determine other reasons for a sentence modification under the new framework where the Director's consideration is not required for a motion to modify sentence to be presented to a court. *See United States v. Young*, Case No. 2:00-cr-0002-1, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020); *United States v. Fox*, 2:14-cr-03-DBH, 2019 U.S. Dist. LEXIS 115388, at *5 (D. Me. July 11, 2019); *but see United States v. Strain*, Case No. 3:97-cr-00004-TMB, 2020 U.S. Dist. LEXIS 72278, at *8 (D. Ala. Apr. 24, 2020) (concluding that § 3582(c)(1)(A) clearly commands that the district court may only grant compassionate release where consistent with § 1B1.13). Accordingly, this Court can and does look to other reasons when ruling on a motion to modify sentence.

The present motion resembles many filed around the country. Inmates, who have limited control of their environment and often cannot practice social distancing, are concerned about contracting COVID-19. This concern does not squarely fit within the first three categories of extraordinary and compelling reason for a sentence modification.[3] Accordingly, this Court looks to whether or when concerns of contracting COVID-19 within a prison constitutes "other reasons" which rise to the level of extraordinary and compelling reasons for a sentence modification.

The Court concludes that concerns of contracting COVID-19 constitutes an extraordinary and compelling reason when two conditions are met: (1) when the defendant is at high risk of

---

[3] Some courts have analyzed fear of COVID-19 motions to reduce sentence under the Medical Condition of Defendant category. *See United States v. Perez*, No 1:17-CR-00513, Dkt. 98 (S.D.N.Y., April 1, 2020). But fearing COVID-19 does not necessary mean that the inmate is suffering from a terminal illness or that the inmate has a condition that diminishes his or her ability to function in the prison environment.

having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak.

In the present case, Hardin explains that he suffers from childhood asthma, Raynaud's Syndrome and Sphincter of Oddi Dysfunction. Doc #: 22 at 12. But he does not present any evidence that these conditions put him at high risk of complications were he to catch COVID-19. Accordingly, Hardin has failed to show extraordinary and compelling reasons warranting a sentence reduction.

### 2. Danger to the Safety of any Other Person or the Community

The Government concedes that Hardin is not a danger to the safety of any other person or the community. Doc #: 23 at 3. As the Court already found that Hardin has not shown an extraordinary and compelling reason warranting a sentence reduction, the Court does not reach whether Hardin is a danger to the safety of any other person or the community.

### 3. Section 3553(a) Factors

Section 3553(a) provides numerous factors which courts are to consider in imposing a sentence. The relevant factors here are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Of course, this Court already considers these factors when sentencing a defendant. Yet, changed circumstances can warrant reconsideration. For example, a defendant whose incarceration is especially laborious may not need to serve their full sentence to satisfy the purpose of that punishment. *See United States v. Beck*, Case No. 1:13-CR-186-6, 2019 U.S. Dist. LEXIS 108542, at *32 (M.D.N.C. June 28, 2019) (finding that a defendant with invasive breast cancer, which had been repeatedly mismanaged by the BOP, was entitled to a sentence modification because the term of her incomplete sentence served the purposes of punishment).

As a general rule, this Court finds that the § 3553(a) factors favor release where a high-risk defendant is held in a prison experiencing a severe COVID-19 outbreak and has less than 12 months remaining to their sentence. High-risk defendants living in fear during a severe COVID-19 outbreak in their facility experience an incarceration significantly more laborious than before COVID-19. The laborious nature of this incarceration causes the § 3553(a) factors to favor release before the defendant has served his or her full sentence.

This is not to say that high-risk defendants who have more than 12 months remaining to their sentence can never be granted a sentence modification. A high-risk defendant in a facility experiencing an especially severe COVID-19 outbreak may warrant immediate release regardless of how much of their sentence remains. Factors that this Court foresees considering when determining whether a COVID-19 outbreak is especially severe include the ability of the inmates to take protective measures within the facility, e.g. social distancing, access to personal protective equipment, and access to cleaning materials, and the percentage of inmates who have contracted COVID-19.

8

Here, the Court need not address whether the § 3553(a) factors favor release because Hardin has not shown an extraordinary and compelling reason for sentence reduction.

## Conclusion

For the above reasons, Hardin's Motion **, Doc #: 22**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster May 21, 2020*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**