# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO: 1:19-CR-240 |
| | ) |
| v. | ) Judge Dan Aaron Polster |
| | ) |
| CHRISTOPHER HARDIN, | ) OPINION AND ORDER |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM

Before the Court is Defendant Christopher Hardin's Updated and Amended Motion for Immediate Release, **Doc #: 27**. For the following reasons, Hardin's Motion is **DENIED.**

On April 3, 2020, Hardin requested that the Court grant him home confinement under 18 U.S.C. § 3582(c)(1)(A) so that he can escape the outbreak of COVID-19 at Elkton Federal Correctional Institute ("Elkton"), where he is held. *See* Doc #: 19. The Court denied his Motion for not having satisfied the exhaustion requirement contained in § 3582(c)(1)(A). *See* Doc #: 21 at 1-2. Hardin filed again for release on May 5, 2020. *See* Doc #: 22. The Court denied Hardin's request again finding that Hardin did not demonstrate extraordinary and compelling reasons warranting a sentence reduction. *See* Doc #: 25. On September 28, 2020, Hardin has filed for release a third time asking the Court to reconsider its May 22, 2020 Order. *See* Doc #: 27.

## DISCUSSION

Three situations justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest

1

injustice." *Hamilton v. Gansheimer*, 536 F. Supp. 2d 825, 842 (N.D. Ohio 2008). Courts should not reconsider prior decisions where the motion for reconsideration proffers new arguments that could have been discovered and offered during the initial consideration of the issue. *Id.*

Here, Hardin's third Motion seeks reconsideration of the Court's May 22, 2020 Order denying his second Motion for Immediate Release, well outside of the time frame allowed. *See* Doc #: 27, Ex. 7. "A motion for reconsideration in a criminal case must be filed within the fourteen-day period for filing an appeal." *United States v. Miller*, 697 F. App'x 842, 843 n.1 (6th Cir. 2017); *see United States v. Hunter*, 2020 U.S. Dist. LEXIS 68720, *1-2 (S.D. Ohio Apr. 20, 2020) (within the context of the COVID-19 pandemic, denying defendant's motion for reconsideration of its order denying motion for compassionate release because the motion was untimely). Even excusing Hardin's untimeliness, Hardin's third Motion still fails.

Hardin's third Motion does not contain any new arguments identifying an intervening change in controlling law nor new evidence that could not have been discovered during the initial consideration on the merits. Simply put, Hardin still does not present extraordinary and compelling reasons warranting a sentence reduction.[1] Furthermore, a review of Hardin's third Motion is not necessary to prevent manifest injustice because, for the reasons stated in its May 22, 2020 Order, Hardin is not entitled to relief. Accordingly, Hardin's third Motion does not justify reconsideration.

For these reasons, Hardin's third Motion, **Doc #: 27**, is **DENIED.**

**IT IS SO ORDERED.**

      */s/Dan Aaron Polster October 26, 2020*
      **Dan Aaron Polster**
      **United States District Judge**

---

[1] COVID 19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited October 23, 2020). Currently, there is only one active case of COVID-19 at FCI Elkton and 919 inmates who have recovered. Given the insignificant change of COVID-19 cases at Hardin's facility since Hardin filed his last motion, the Court does not consider the facilities' COVID-19 cases to be new evidence.