# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | CASE NO: 1:19-CR-240 |
| ) | |
| v. ) | Judge Dan Aaron Polster |
| ) | |
| **CHRISTOPHER HARDIN,** ) | **OPINION AND ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM

Before the Court is Defendant Christopher Hardin's Motion for Reconsideration, **Doc #: 29**. For the following reasons, Hardin's Motion is **DENIED.**

Previously, Hardin requested, through three different motions, that the Court grant him home confinement under 18 U.S.C. § 3582(c)(1)(A) so that he can escape the outbreak of COVID-19 at Elkton Federal Correctional Institute ("Elkton"), where he is held. Doc. ##: 19, 22, 27. The Court denied all three motions. *See* Doc. ##: 21, 25, 28. Ultimately, the Court denied Hardin's request because he fails to present any evidence that his medical conditions put him at high risk of complications were he to catch COVID-19.

## DISCUSSION

"Courts should not reconsider prior decisions where the motion for reconsideration . . . proffers new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue." *Hamilton v. Gansheimer*, 536 F. Supp. 2d 825, 842 (N.D. Ohio 2008) (citing *Playa Marel, P.M., S.A. v. LKS Acquisitions, Inc.*, 2007 U.S. Dist., LEXIS 85094 (S.D. Ohio 2007). Three situations justify reconsideration: "(1) an intervening change in

1

controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice." *Id.*

Here, Hardin's Motion for Reconsideration does not contain a new argument identifying an intervening change in controlling law. Further, Hardin also cites no new evidence in making his legal argument. Likewise, a review of Hardin's Motion is not necessary to prevent manifest injustice because it is doubtful that Hardin is entitled to relief.

Again, Hardin alleges that he is at risk of COVID-19 due to his medical conditions and the COVID-19 outbreak at FCI Elkton. Currently, there are no active inmate COVID-19 cases and 30 active staff COVID-19 cases at FCI Elkton.[1] First, the Court does not believe this constitutes an outbreak. Second, even if the Court found that Elkton's current COVID-19 cases constitute an outbreak, Hardin fails to demonstrate that his medical conditions put him at an increased risk of serious illness from COVID-19. Accordingly, Hardin has failed to show extraordinary and compelling reasons warranting a sentence reduction. *See United States v. Jones*, No. 20-3701, 980 F.3d 1098, 1109 (6th Cir. Nov. 20, 2020) ("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release…").

For these reasons, Hardin's Motion for Reconsideration, **Doc #: 29**, is **DENIED**.

**IT IS SO ORDERED.**

                                                 */s/ Dan Aaron Polster February 10, 2021*
                                                 **Dan Aaron Polster**
                                                 **United States District Judge**

---

[1] COVID 19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Feb. 10, 2021).